Michael T. JOHNSON, Plaintiff,

v.

Madeleine ALBRIGHT, Secretary, U.S. Department of State, Defendant.

Civil Action No. 96–0026 (JR).

United States District Court, District of Columbia.

Jan. 20, 1998.

Gary T. Brown, Robert E. Gans, Gary T. Brown & Associates, Washington, DC, for Plaintiff.

Kristan Peters–Hamlin, Assistant U.S. Attorney, Washington, DC, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff, an African–American male, complains of employment discrimination on the basis of race and sex, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, and of employment discrimination on the basis of disability (optic neuritis), in violation of the Rehabilitation Act.[1] Plaintiff alleges that the State Department discriminatorily denied him training and advancement opportunities; failed to select him for any of thirty-three higher grade-level positions; downgraded his performance appraisals; subjected him to denigrating verbal comments; and failed to select him for the position of team leader. Before the Court is defendant's motion to dismiss and for summary judgment. For the reasons set forth below, defendant's motion to dismiss will be granted in part and denied in part.

### Facts

The factual propositions set forth below are alleged by plaintiff and taken to be true for purposes of this motion: Plaintiff began his employment with the Department of State in 1976. In May 1990, he was promoted to the GS–12 grade level as a Computer Programmer Analyst. On November 23, 1990, he filed an administrative complaint alleging race and gender discrimination and reprisal (the "first complaint").

Between January 1991 and August 1993, plaintiff applied for thirty-three Grade 13 "job series 334" positions within the Department of State. He was not selected for any of those positions, all of which were filled by either women or Caucasians. A small group of selecting officials was involved in all of the hiring decisions.

On May 14, 1992, plaintiff filed an administrative complaint charging race and gender discrimination (the "May 1992 complaint") based on nonselection for two of the positions for which he had applied in August 1991— 91–509 and 91–463. A white female and a white male were selected for the two positions. The May 1992 complaint made reference to three other positions for which plaintiff had applied. At the same time, plaintiff filed a formal grievance about the selection procedures for positions 91–463, 91–509, and 91–510. In the grievance, plaintiff alleged that he had "submitted over five applications for various positions at the GS–13 position" and that the applications were either lost or misplaced. Pltf. Ex. 5.

On January 10, 1995, plaintiff filed an administrative complaint charging discrimination on the basis of disability and reprisal. In that complaint, plaintiff alleged that he was denied reasonable accommodation in the form of better lighting in his cubicle and that his supervisor and other co-workers retaliated against him by changing deadlines and work assignments.

The Department issued a final agency decision on plaintiff's first complaint on October 4, 1995, rejecting plaintiff's claims of discrimination but finding reprisal based on statements made by a supervisor, Ms. Yu. Plaintiff timely filed the present action on January 11, 1996.

### Analysis

Defendant moves to dismiss 33 of the 35 claims of nonselection for failure to exhaust administrative remedies, arguing that plaintiff filed timely charges only as to the two positions, 91–509 and 91–463, that were specifically mentioned in his May 1992 complaint.

---

**1.** At a status conference held on May 23, 1997, plaintiff's counsel represented that the claim of failure to accommodate is no longer being pursued. It is the Court's understanding that the conduct surrounding the request for accommodation is nevertheless alleged as evidence of retaliatory animus.

Plaintiff's response invokes the "continuing violation" doctrine, which is generally applied to excuse exhaustion for a series of related acts that occurred *before* a timely presented claim. *See Webb v. District of Columbia*, 864 F.Supp. 175 (D.D.C.1994); *see, e.g., Albritton v. Kantor*, 944 F.Supp. 966 (D.D.C.1996); *Valentino, supra*, 674 F.2d at 66. The "continuing violation" alleged in this case, however, involves acts or omissions that occurred concurrent with and *after* plaintiff's May 1992 complaint.

■ Plaintiff's suit is limited to claims that are like the allegations that were administratively charged or reasonably expected to grow out of the ensuing investigation. *Park v. Howard University*, 71 F.3d 904, 907 (D.C.Cir.1995), *cert. denied*, — U.S. —, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996). Administrative complaints are to be liberally construed and should be interpreted in the context of the entire administrative record. *President v. Vance*, 627 F.2d 353 (D.C.Cir. 1980). The question that must be addressed in this case is whether the Department was on notice that plaintiff was complaining of that concurrent and later conduct. If the answer is yes, plaintiff is considered to have exhausted his administrative remedies with regard to that conduct. *See Loe v. Heckler*, 768 F.2d 409, 420 (D.C.Cir.1985).

■ Plaintiff's May 1992 complaint referred (without naming them) to three other GS–13 positions for which he had applied, and his grievance, filed at the same time, cited (also without specification) five instances of nonselection for GS–13 positions. The complaint and other documents in the administrative record thus put the Department on notice that plaintiff was complaining, not just about his nonselection for 91–509 and 91–463, but generally about his nonselection for a GS–13 position despite having submitted numerous applications for such positions. *See President*, 627 F.2d at 361–62; *see also Webb*, 864 F.Supp. at 184 (informal grievances put employer on notice of allegations not in administrative charge). The positions for which plaintiff applied from August 1991 to May 1992 fall within the scope of his administrative complaint.

■ The positions for which plaintiff applied *after* his May 1992 complaint, and outside of the charge-filing period, cannot be the subject of this lawsuit. It is true that an employee is not required to file subsequent administrative charges if the employer was on notice of a claim that its actions violated Title VII and was afforded an opportunity to pursue a mutually satisfactory resolution with the employee. *See Loe*, 768 F.2d at 418, 420. But an employee may not maintain an action on claims that were never presented for agency consideration. *Id.* at 420. Plaintiff's May 1992 complaint did not allege that the acts of discrimination were of a continuing nature. Nor is there any evidence to suggest that plaintiff put the employer on notice that it had violated Title VII through post-charge conduct. The claims of nonselection for positions that plaintiff applied for after May 14, 1992 must accordingly be dismissed.

■ Claims of retaliation may be raised for the first time in federal court, *Webb*, 864 F.Supp. at 184, particularly where, as in this case, the claimant has filed an earlier administrative complaint of reprisal and alleges further retaliation as a result. *Id.* To the extent that the claims of nonselection are also alleged as acts of retaliation, they are encompassed within this action.

Defendant's motion for summary judgment is premature as it relates to plaintiff's surviving action. Plaintiff's pleadings demonstrate that without further discovery he is unable to present facts essential to justify his opposition. Plaintiff's request for a continuance will be granted, and the parties will be directed to submit a revised scheduling order.

One outstanding issue can be resolved without awaiting completion of discovery, however. Defendant moves to strike plaintiff's claims for compensatory damages for actions with regard to claims that arose before the effective date of the Civil Rights Act of 1991: the 1990 failure to select a team leader; the 1990 performance evaluation; and allegations of denigrating words in 1990. Plaintiff's response concedes that he is not entitled to a jury trial or compensatory damages on those claims, but he argues that evidence of those claims may nevertheless be

relevant at trial for context and background. The concession moots defendant's motion to strike.

\*　　\*　　\*　　\*　　\*　　\*

An appropriate order accompanies this memorandum.

### ORDER

For the reasons set forth in the accompanying memorandum, it is this 20th day of January, 1998,

**ORDERED** that defendant's motion to dismiss [# 18–1] is **granted in part and denied in part.** It is

**FURTHER ORDERED** that, with respect to the counts not dismissed, defendant's motion for summary judgment [# 18–2] is **denied.** And it is

**FURTHER ORDERED** that a status conference is set for 4:30 p.m., February 4, 1998.